IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA, :

          Plaintiff :

v. : CIVIL ACTION NO. 99-87-SLR

HERMAN E. SHORT, :
a/k/a "Herman F. Short,"
a/k/a "Herman F. Short, Sr.," :

LOUISE M. SHORT, :
a/k/a "Louise Short,"
a/k/a "Virginia L. Short," :

          Defendants :

## AMENDED ORDER OF FORECLOSURE AND SALE

**AND NOW**, THIS _____ DAY OF _____, 2006, the foregoing Motion having been read and considered, it is

**ORDERED, ADJUDGED AND DECREED** as follows:

1.    That the mortgage described in the Complaint herein be, and the same hereby is, foreclosed from any equity of redemption in and to the lands and premises therein described.

2.    The said lands and premises be sold to the highest bidder by the United States Marshal at public sale to be held at The Circle, Georgetown, Delaware, on the **20th day of March, 2006**, at **11:30 a.m.**, after notice has been given in accordance with 28 U.S.C. Section 2002, once a week for four consecutive weeks prior to sale in one newspaper in general circulation in Sussex County, Delaware, the first such notice to be given on or before **February 20, 2006**, in substantially the form in Exhibit A attached

hereto.

    3.    The terms and conditions of the sale shall be as follows:

    (a)    The United States may bid a credit against its judgment and interest thereon, costs, and expenses without tender of cash, as provided by Title 31, United States Code, Section 3715.

    (b)    The terms of sale as to all other persons or parties bidding shall be cash or certified check. The successful bidder, called purchaser herein, shall be required to deposit with the United States Marshal cash, or a certified check, equal to ten percent (10%) of his total bid immediately upon the property being struck off and awarded to him as the highest and best bidder; and the remaining ninety percent (90%) of said purchase price to be paid within ten (10) days from the original sale date of **March 20, 2006**, before 5:00 p.m. If the highest bidder fails to settle, all his rights in the real estate shall cease and be completely void and the property may be readvertised and sold by the Marshal without further order of the Court at the risk of the defaulting bidder whose deposit shall be forfeited; and in the case of a deficiency on such resale, he shall make good the same to the persons thereby injured.

    4.    A hearing be held on _____, at _____ a.m. in Court Room No. 6-B in the Federal Courthouse, 844 King Street, Wilmington, Delaware, to consider confirmation of the sale herein ordered and to consider any objections which may be made to said sale.

    5.    A true copy of this Order and Decree, with attached exhibit, be delivered forthwith to the United States Marshal by the Clerk.

6. That jurisdiction is retained over this matter for the granting of such orders or decrees as the circumstances may require.

**HONORABLE SUE L. ROBINSON**
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA, :

           Plaintiff :

v. : CIVIL ACTION NO. 99-87-SLR

HERMAN E. SHORT, :
a/k/a "Herman F. Short,"
a/k/a "Herman F. Short, Sr.," :

LOUISE M. SHORT, :
a/k/a "Louise Short,"
a/k/a "Virginia L. Short," :

           Defendants :

### AMENDED MOTION FOR ORDER OF FORECLOSURE AND SALE

The United States of America, by and through its attorney, respectfully shows as follows:

1. Default was entered on August 6, 1999 and Judgment by Default was entered on August 26, 1999 against defendants upon Motion and declaration for same annexed thereto.

2. The United States desires to consummate the foreclosure and sale of the mortgaged premises subject to this action with respect to which it is sole mortgagee.

**WHEREFORE**, the United States moves this Court enter an Order, Judgment and Decree substantially in the form attached hereto.

           COLM F. CONNOLLY
           United States Attorney

By: _____
           PATRICIA C. HANNIGAN
           Assistant United States Attorney
           Delaware Bar I.D. No. 2145

## UNITED STATES MARSHAL'S AD

UNDER and by virtue of an ORDER OF SALE and issued by the United States District Court for the District of Delaware, in mortgage foreclosure proceedings by the United States of America, on behalf of its agency, Farm Service Agency, U.S. Department of Agriculture, as the suit of UNITED STATES OF AMERICA v. HERMAN E. SHORT, a/k/a HERMAN F. SHORT, a/k/a HERMAN F. SHORT, SR., AND LOUISE M. SHORT, a/k/a LOUISE SHORT, a/k/a VIRGINIA L. SHORT, Civil Action No. 99-00087-SLR, notice is hereby given that I, _____, United States Marshal, as Trustee, will sell for cash at public auction sale:

**DATE OF SALE:** _____   **TIME:** Starting at _____ and will be sold as follows:

**LOCATION OF SALE:** Courthouse steps at the _____, Sussex County, Delaware.

This auction consists of the parcels as indicated in the auction item and legal description below. The parcels are being sold subject to existing easements. The bid amount represents the Government's bid for the auction item. The auction does not include the 33.35 acre tract of land recorded in Deed Book 0264 at Pages 081-082 of the land records of Sussex County, Delaware, which was sold to Robert Todd Dickerson and Laurie Anne Dickerson on October 5, 2001. Nor does the auction include the 0.80342 acre tract of land recorded in Deed Book 2764 at Pages 226-229 of the land records of Sussex County, Delaware, which was sold to Verizon Delaware, Inc., on August 28, 2002.

**AUCTION ITEMS:**

An assemblage of three parcels of land, each comprised of various tracts and pieces of land located in Gumboro Hundred, Sussex County, State of Delaware, and more particularly described in mortgage references recorded in Liber 644 at Page 265 and Liber 645 at Page 57, and as grouped into the three parcels set forth below, each to be sold individually:

Parcel 1
Comprised of Tract No. 3, consisting of 35 acres, more or less, as described in mortgage references Liber 644 at Page 265 and Liber 645 at Page 57 (3-31 11.00 42.00 Tax Map).

Parcel 2
Comprised of Tract No. 1, consisting of 5 1/2 acres, more or less, as described in mortgage references Liber 644 at Page 265 and Liber 645 at Page 57 (3-33 07.00 23.00 Tax Map), excepting therefrom the 0.80342 acre parcel sold to Verizon Delaware, Inc., on August 28, 2002, conveyed by deed as described in Deed Book 2764 at Page 226-229 (3-33 11.00 48.00 Tax Map), and recorded in the land records of Sussex County;


GOVERNMENT EXHIBIT A

Further comprised of Tract No. 2, consisting of 17 acres, more or less, as described in mortgage references Liber 644 at Page 265 and Liber 645 at Page 57 (3-33 07.00 23.00 Tax Map);

Further comprised of Tract No. 4, consisting of 2.35 acres, more or less, as described in mortgage references Liber 644 at Page 265 and Liber 645 at Page 57 (3-33 07.00 23.00 Tax Map);

Further comprised of Tract No. 5, consisting of 22 acres, more or less, as described in mortgage references Liber 644 at Page 265 and Liber 645 at Page 57 (3-33 07.00 23.00 Tax Map); and

Further comprised of Tract No. 6, consisting of 7 acres, more or less, as described in mortgage references Liber 644 at Page 265 and Liber 645 at Page 57 (3-33 07.00 23.00 Tax Map).

Parcel 3
Comprised of Tract No. 8, consisting of 1.7 acres, more or less, as described in mortgage references Liber 644 at Page 265 and Liber 645 at Page 57 (3-33 11.00 47.00 Tax Map).

**PROPERTY DESCRIPTION:**

LEGAL DESCRIPTION: This property further described in the above-cited deed references and in mortgage references Liber 644 at Page 265, Liber 645 at Page 57, Deed Book 0264 at Pages 081-082 and Deed Book 2764 at Pages 226-229.

Farm Service Agency, formerly known as Farmers Home Administration, U.S. Department of Agriculture, will enter a bid in the amount of $129,000.00 on Parcel 1. The sale of Parcel 2 and Parcel 3, as described above, is contingent upon whether Farm Service Agency's entire indebtedness is satisfied by the sale of Parcel 1.

**TERMS OF SALE:** A deposit of 10% of the purchase price shall be paid at the time and place of the sale. The deposit shall be paid in the form of cash (or certified or cashier's check made payable to the Treasurer of the United States c/o U.S. Marshal). The balance of the purchase price shall be paid in the form of cash (or certified or cashier's check made payable to the Treasurer of the United States c/o U.S. Marshal) within ten (10) days from the original date of March 20, 2006, before 5:00 p.m., after final ratification of said sale by the United States District Court for the District of Delaware. Interest at the rate of 5% per annum will accrue on the unpaid balance of the purchase price from the date of sale to the date of settlement. Taxes, water and sewage charges to be paid by the purchaser subsequent to the date of sale. All other public charges an assessments payable on an annual or periodic basis, including but not limited to sanitary charges, shall be paid by the purchaser subsequent to the date of sale. Responsibility and cost of all conveying, recording, revenue stamps, documentary stamps, transfer taxes, document preparation, title insurance and other expenses of sale shall be borne by the purchaser. The property is being sold in as "as is" condition. If the property is occupied upon or after the conveyance of the property by the Trustee to the purchaser, the purchaser is responsible for the eviction of the occupants, at the cost, expense, and risk of the purchaser; any and all costs expended by the purchaser are not reimbursable by the United States of America or any of its agents or employees. In the event of default by the purchaser, the property shall be resold at the

risk and cost of the defaulting purchaser, to with, the 10% deposit shall be withheld by the United States of America as liquidated damages and is not refundable.

_____, **U.S. MARSHAL**
**DISTRICT OF DELAWARE**

Advertise: <Name & Address of Newspaper, and the dates ad is to appear>